**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

**UNITED STATES OF AMERICA,**                  :

  **-v-**                                              :          **07 Cr. 1150 (VM)**


**ARSENIO RODRIGUEZ,**                          :

             **Defendant.**
------------------------------------------------------------x

        PLEASE TAKE NOTICE, that upon the attached Memorandum of Law and the

Declaration of MITCHELL DINNERSTEIN, and the declaration of the defendant ARSENIO

RODRIGUEZ, sworn to on the 21day of April, 2008, will move this Court, before the Honorable

Judge Victor Marrero, U.S.D.J.,  Daniel Patrick Moynihan United States Courthouse, 500 Pearl

Street, New York, New York 10007, at such time as the Court designates, for an Order directing:

        1.  A hearing pursuant to F. R. Cr. P. 12 to determine the admissibility of
        evidence gathered during the stop and search and seizure of ARSENIO
        RODRIGUEZ on April 28, 2004, and

        2.  For such other and further relief as this Court may deem just and
        proper.


Dated: New York, New York
     April 21, 2008

                          /s/ Mitchell Dinnerstein
                         MITCHELL DINNERSTEIN, ESQ.
                         Attorney for Defendant Rodriguez
                         350 Broadway, Suite 700
                         New York, New York 10013
                         (212)-925-0793

cc.: Clerk of the Court
    United States District Court
    Southern District of New York
    500 Pearl Street
    New York, New York 10007

    AUSA Michael English
    United States Attorney
    Southern District of New York
    One St. Andrews Place
    New York, New York 10007

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

**UNITED STATES OF AMERICA,**           :

   **-v-**                                :        **07 Cr. 1150 (VM)**

                                        **DECLARATION AND**
                                        **MEMORANDUM OF LAW**
**ARSENIO RODRIGUEZ, et. ano.**              **OF ATTORNEY IN**
                                          **SUPPORT OF MOTION**

                                                      :

        **Defendant.**           :
-------------------------------------------------------------x

### DECLARATION AND MEMORANDUM OF LAW
### OF MITCHELL DINNERSTEIN
### IN SUPPORT OF MOTION

     MITCHELL DINNERSTEIN, a member of the Bar of the State of New York and

of this Court, hereby affirms under penalty of perjury:

    1. That I am the attorney of record for the defendant herein.

    2. That I am fully familiar with the facts and circumstances of this case.

    3. That I submit this declaration and memorandum of law in support of the Notice of

Motion herein.

    4. An indictment was filed against Arsenio Rodriguez on December 12, 2007 charging

him with one Count 18 U.S.C. § 1951 (a conspiracy to commit robberies), one Count of 18

U.S.C. § 1951 ( a substantive robbery in Queens, New York) and § 924c (brandishing a weapon

during the robbery) .  The defendant pled not guilty to the charges on January 22, 2008.

    5. On April 28, 2004, New York City Police Officer at gunpoint arrested Mr. Rodriguez.

The police had no search or arrest warrant and did not observe him commit any criminal act.

6.  In fact, at the time Mr. Rodriguez was seized by the police officer, he had just been in victim of a kidnaping by two men.  At the time, he was seized, he was beginning to discuss what had occurred to him when the police approached him at gunpoint.

7.  When reviewing the complaint filed in this case, USA v. Arsenio Rodriguez, 04 mag 1930 Special Agent Zeppieri claimed to have spoken to an unnamed person who claimed to have been a victim of a robbery on April 28, 2004 at about 10:00 am in the vicinity of 92nd Street and Roosevelt Avenue and an unnamed New York City Police Officer who claims to have observed Mr. Rodriguez after the incident.

8.  The Government affidavit provides information that a man was a victim of a robbery of telephone credit cards.  After the robbery, two men entered a green Toyota minivan that was located on the street.  The victim of the robbery followed the minivan for a short distance while three people were in the van.   He obtained a partial license plate number, but soon lost sight of the vehicle.

9.  Apparently, the description of the vehicle, a green minivan was reported to the police. The robbery victim also indicated that in the van were three males.

10.  A police officer observed a green minivan parked on the side of a street in close proximity to the location of the robbery.  The police officer claimed to have seen one male in a green minivan and pulled the vehicle over.  There was no chase or any indication that the driver was attempting to flee from the officer.  In fact, the defendant in his declaration indicated that he had already pulled over his van when he saw uniformed police officers on the street.

11.  That the officers approached the defendant at gunpoint and shortly thereafter

handcuffed the defendant.   Such a seizure of the defendant lacked probable cause.  Accepting the

description in the complaint of  three people in a green minivan does not justify a gunpoint seizure

of one person either exiting the vehicle or driving the vehicle in a normal manner.   The

Government lacked probable cause to arrest Mr. Rodriguez pursuant to the seminal Supreme

Court case of Dunaway v. New York, 442 US 200 (1979).

12.  The police then after handcuffing the defendant conducted a full scale search of Mr.

Rodriguez's minivan without probable cause and without a judicially issued search warrant.  Such

a search violates the Supreme Court ruling in Coolidge v. New Hampshire. 403 US 443 (1971).

13.  Mr. Rodriguez, while still handcuffed, was shown to the victim of the robbery and

apparently was identified in a "show-up" procedure.  Such an identification procedure occurred

while a handcuffed defendant, encircled by police officers, with a robbery victim who had already

been told by the police that they "caught the guy".   The "show-up" should be suppressed as

inherently suggestive, as well as  the "fruit of the poisonous tree" doctrine.  USA v. Nardone, 308

US 338 (1939).

13.  Several hours later, Mr. Rodriguez made a statement to the police.  Such a statement

also arose subsequent to the unlawful arrest of the defendant and should be suppressed.  Wong

Sun v. United States 371 US 471 (1963).   The "fruit of the poisonous tree" doctrine extends to

statements of defendants when such statements are the product of the illegal arrest and seizure of

Mr. Rodriguez.  Mr. Rodriguez's statements should be suppressed.

14.  Pursuant to 28 U.S.C. § 1746, I affirm under penalty of perjury that the foregoing is

true and correct to the best of my knowledge.

WHEREFORE, it is respectfully requested that the relief sought in the Notice of Motion

be granted and for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      April 21, 2008

                                 /s/ Mitchell Dinnerstein
                                 Mitchell Dinnerstein
                                 350 Broadway
                                 Suite 700
                                 New York, New York 10013
                                 212-925-0793
                                 212-625-3939 (fax)
                                 Attorney for Rodriguez

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA,        :

    -v-                        :        S2 07 Cr. 1150 (VM)

                                       **DECLARATION OF**
ARSENIO RODRIGUEZ, et. ano.      :    **DEFENDANT IN SUPPORT**
                                        **OF MOTION**

                                 :

          **Defendant.**        :
------------------------------------------------------------x

STATE OF NEW YORK)
COUNTY OF KINGS)    SS.:


**DECLARATION OF ARSENIO RODRIGUEZ
IN SUPPORT OF MOTION**

ARSENIO RODRIGUEZ, hereby affirms and swears under the penalty of perjury:

1. I am the defendant in the above entitled action.

2. I am a Spanish speaker.

3. On April 28, 2004 at approximately 10:00 am, I was waiting for my girlfriend in the vicinity of 92nd Street and Roosevelt Avenue.  My girlfriend had a doctor's appointment at Columbia-Presbyterian Hospital in Manhattan.

4. While waiting for her, two men jumped into my car, each with a weapon pointed at me, and told me to drive off.  The two men were also each holding a luggage bag.

5. After driving for a short time, I attempted to drive the car into a garbage truck that was parked on the street.

6. At that point, the two men jumped out of my vehicle and began running.

7.  I noticed a police vehicle on the street and drove my vehicle towards the police officer.

8.  I exited my vehicle to have a conversation with the police officer.

9.  Right before I began the conversation with the officer, other police officers approached me with their guns drawn.  I was told to get down on the street and was handcuffed behind my back.

10.  The officers then went to my car and apparently found the weapons that were pointed at me by the men who previously entered my car.

11.  While being handcuffed on the street, I was apparently identified by a victim of a robbery that I knew nothing about.

12.  Later, I was questioned by the police without understanding of my rights.

13. The police who approached me with their guns drawn had no valid reason to act in the manner that they did.  I did not do anything wrong.


                                        /s/ Arsenio Rodriguez
                                        ARSENIO RODRIGUEZ

Sworn to before me this


        Day of          , 2008

_____
Notary Public